Ferguson & Beardsell v. Kays.

## FERGUSON & BEARDSELL v. KAYS.

1. The rules of a court must receive a reasonable construction to answer the end for which they were adopted; and must not, by a literal interpretation be extended to cases not within the object of them.

2. A rule of a court of Common Pleas, requiring that when justices did not return appeal papers at the proper time, the appellant should rule him to return them at the next term, or else the appeal be dismissed, is only to prevent delay, and if the justice return the papers without such rule, the end is answered, and the court ought not to dismiss the appeal, and a mandamus will issue to restore it.

On rule to shew cause why mandamus should not issue to Common Pleas of Sussex to reinstate an appeal.

Argued in branch court before NEVIUS and CARPENTER, JJ.

*S. G. Potts*, for appellants.

*S. R. Hamilton*, for appellee.

NEVIUS, J. There is a single question only presented on the argument of this rule that calls for the consideration and decis-

ion of this court. It appears from the papers before us, that an appeal was duly demanded, and allowed by the Justice, previous to the first day of the Term next succeeding the rendition of judgment by the Justice, but that the justice omitted to send up the papers during the Term, but sent them to the clerk of the court a few days after the close of the Term. The appeal was taken to the February Term 1846, and was in its order called on for trial at a special Term held in September of the same year. When the cause was called, on motion of the appellee the court dismissed the appeal, on the ground that the appellants had not taken a rule on the Justice in the Term of February to send up the appeal papers. In answer to a rule taken for that purpose two of the Judges of the Court of Common Pleas have certified to us : " That the rule and practice of that court at the time of dismissing said appeal was, that where the Justice omitted to send to the court the appeal papers at the next Term after the appeal was demanded and granted, that the appellant was required to obtain a rule of the court at that Term and serve the same upon the Justice, to send up the papers, or else the appeal would be dismissed for default of such rule."

Without enquiring whether any such rule exists in the Common Pleas of Sussex, in a written or printed form, (and the certificate is silent on that point) or whether that court may lawfully adopt such rule, I will assume that there is such a rule in that court, and that it is a lawful rule. And admitting that, I am nevertheless of opinion that the court below erred in dismissing this appeal. The whole object and design of adopting rules of practice is, and ought to be, to facilitate the business of the court, and promote the ends of justice. And in the construction of all rules, attention must be paid to the manifest object the court had in view in making the rule. Now it seems to me that nothing can be more clear than that the court by adopting this rule, intended to prevent any delay in the prosecution of the appeal, and to say in plain terms to the appellant, if a rule · upon the Justice is necessary to get the papers in court, such rule must be obtained at the first Term, and cannot be applied for afterwards. The appellee shall not be delayed in the trial of the appeal by your neglect in not obtaining such rule at the

proper time. But surely if no such rule is at all necessary, if the Justice send up the papers in time to prevent any delay in the trial of the cause, it would be an act of gross injustice to turn a party out of court for not doing that which is wholly unnecessary. Such cannot be the fair and legitimate construction of the rule in question. Whatever may be its letter, such is not the true spirit of the rule.

Much stress was laid in the argument upon the case of *Wells* v. *Stackhouse*, 2 *Harr.* 355, but that did not arise at all upon the true construction of the rule of the Court of Common Pleas. That court had given to their rule the only construction of which it was susceptible, and in strict conformity with the intent for which it was made, and this court did not deny the power of the Common Pleas to make such rule. In that case the rule required that the appellant should, at the first Term after the demand of an appeal, apply for a rule to enter the appeal, and enter such rule on the minutes of the court, and if he failed to do so, the appeal should be deemed as not prosecuted. For what reason such a rule was adopted is not very apparent, nor is it very material to enquire ; it may have been designed as a notice to the opposite party that an appeal had been brought, or it may have been designed to secure to the court and clerk the fees lawfully due on the entry of the appeal. But be the reason for it what it may, it was nevertheless a rule which the court had a right to make, and it was a rule as before remarked, admitting of but one construction. Yet lawful as it was, I entertain no doubt but that the court would have allowed the mandamus in that case, if the counsel who applied for it had not suffered a delay of three Terms before he made the application. The rule to enter the appeal had been moved and allowed in time, but the entry had not been made in the minutes, and the court was not asked for liberty to make it till three regular courts had afterwards been held, and then they refused it, and the Chief Justice in giving the opinion of this court in the case, attaches importance to such neglect, and it had its influence in the decision.

In the present case, no such rule for the entry of the appeal was required by the rules and practice of the court. The only object of the rule in question seems to have been to prevent de-

lay in the hearing of the cause, and as the omission to take such rule upon the Justice worked no delay in the hearing, I think the court below ought not to have dismissed this case.

Let the rule be made absolute.

CARPENTER, J. It does not appear that any general rule of practice had been made by the Court of Common Pleas, but merely that it had been the practice of that court to dismiss appeals under like circumstances. Such a course of decision, requiring the formal entry of a rule on the justice, when the justice is willing, and does send up the papers without any rule, and no delay occurs for want of the rule, appears to me to be unreasonable. But I concur in the view expressed by Justice NEVIUS; and assuming that a rule of practice such as has been certified to us had been adopted and published, still, upon its reasonable construction, the appeal was improperly dismissed, and ought to be restored.

Mandamus ordered.